UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN JOHNSON,
          Plaintiff,

    v.                                                                 Case No. 06-C-793

DAVID A. CLARKE, JR.,
RICHARD SCHMIDT, and
SGT. HAAS,
          Defendants.

## ORDER

Plaintiff Steven Johnson, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on plaintiff's petition to proceed in forma pauperis.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, plaintiff has filed a certified copy of his prison trust account statement for the four-month period immediately preceding the filing of his complaint. He has been assessed and paid an initial partial filing fee of $4.25.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). If a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

Plaintiff was incarcerated at the Milwaukee County Jail ("Jail") when he filed the complaint. He was transferred to Racine Correctional Institution on August 31, 2006. The defendants are Milwaukee County Sheriff David Clarke, Richard R. Schmidt, and Sgt. Haas, all of whom are sued in their individual capacities.

Plaintiff alleges that defendants are denying him meaningful access to the court. He states that there is no law library at the Jail and he is unable to conduct research. Plaintiff is unable to litigate his Milwaukee County Circuit Court Case Number 06-IP-000072 due to the lack of the law library. He seeks $250,000 is damages and $5,000 in legal fees.

3

The court finds that the complaint states a denial of access to the courts claim. See Bounds v. Smith, 430 U.S. 817 (1977). However, plaintiff has recently filed five documents purporting to supplement the complaint, which are addressed below.

Plaintiff has filed three documents titled "Judicial Notice" in which he informs the court of additional facts relevant to his claim. In addition, plaintiff filed "Amendment of Complaint" on August 17, 2006 and on September 11, 2006. The latter amendment adds a defendant as well as an unrelated Eighth Amendment claim.

A party may amend a pleading once as a matter of course any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). However, if a plaintiff seeks to add additional defendants, he must first obtain leave from the court, regardless of when the amended complaint was filed. Moore v. Indiana, 999 F.2d 1125, 1128 (7th Cir. 1993).

If a motion to file an amended complaint is granted, the amended complaint supersedes the prior complaint. See Duda v. Bd. of Educ. Of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). Because an amended complaint supercedes a prior complaint, plaintiff will need to file an amended complaint which incorporates the allegations set forth in his initial complaint. Any matters not set forth in the amended complaint are then, in effect, withdrawn. See Duda, 133 F.3d 1056. The amended complaint becomes the operative complaint in the action.

Plaintiff may file an amended complaint within 30 days of the date of service of this order. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint must be complete in itself without reference to any prior pleadings.

4

In addition, plaintiff is notified that the amended complaint must include allegations as to how each defendant was personally involved in his claims. See Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995).

### ORDER

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint within 30 days of the date of service of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $345.75 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and the Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 1 day of October, 2006.

/s
LYNN ADELMAN
District Judge