UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN JOHNSON,
           Plaintiff,

      v.                                            Case No. 06-C-793

DAVID A. CLARKE, JR.,
RICHARD SCHMIDT and
SGT. HAAS,
           Defendants.

## ORDER

On July 25, 2006, plaintiff Steven Johnson filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. After filing the complaint, plaintiff filed five documents purporting to supplement the complaint. On October 2, 2006, I granted plaintiff's motion for leave to proceed in forma pauperis on a claim that he was denied access to the courts while incarcerated at the Milwaukee County Jail, and granted plaintiff 30 days in which to file one comprehensive amended complaint. Plaintiff did not file a timely amended complaint and therefore, on December 19, 2006, I provided him an additional 20 days to file a comprehensive amended complaint.

On January 8, 2007, plaintiff filed "Amendment of Complaint to Add Defendant Cockroft Pursuant to the Court's Order of 10/2/06." Plaintiff's proposed amendment is not comprehensive; it names only the proposed additional defendant, Michael Cockroft, and its allegations consist solely of events from December 2006, following plaintiff's transfer to Felmers Chaney Correctional Institution (FCCI). On January 10, 2007, plaintiff notified the court that he was released from custody.

On April 6, 2007, I granted plaintiff additional time until April 30, 2007 to file one comprehensive amended complaint. Specifically, I stated:

> Plaintiff is advised that because his January 8, 2007 proposed amended complaint does not name defendants Clarke, Schmidt, or Haas, and does not contain any allegations related to denial of access to the courts at the Milwaukee County Jail, those defendants and that claim will be dismissed if his January 8, 2007 complaint becomes the operative complaint in this action.
>
> Plaintiff will be provided one last chance to file a comprehensive amended complaint which means that the one document, the amended complaint, must be complete in itself without reference to any prior complaint. It must contain all of plaintiff's allegations relating to all of the defendants. If plaintiff does not file an amended complaint on or before April 30, 2007, his January 8, 2007, proposed amended complaint will be the operative complaint in this action, with Michael Cockroft as the only defendant and the events following plaintiff's transfer as the only allegations, and it will be subject to screening pursuant to 28 U.S.C. § 1915A.

(Court's Order of April 6, 2007, at 2.) Plaintiff has not filed a comprehensive amended complaint. Thus, I will now screen the January 8, 2007 amended complaint.

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). I may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

2

"Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In reviewing a complaint under this standard, I must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Further, I am obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, it should be dismissed "without further ado." Thomson v. Washington, 362 F.3d 969, 970 (7th Cir. 2004)

The January 8, 2007 amended complaint states that plaintiff only wishes to litigate an access to the courts claim. It alleges that on December 20, 2006, he was transferred to FCCI, which "has no law library in which the plaintiff can litigate this case[.]" (Compl. ¶ 2.) It alleges that plaintiff sent several requests to defendant asking for access to a law library but his requests were denied. Plaintiff alleges that he "has a minimum community custody classification from the director of offender classification and movement in Madison therefore, the plaintiff can be taken to a law library." (Compl. ¶ 6.) Further, he alleges that defendant

closed plaintiff's account, preventing plaintiff from accessing his money.[1]  Finally, plaintiff alleges that he is a full time paralegal student at The Milwaukee Area Technical College Milwaukee Campus.

The law does not require a prison to provide its charges with any specific legal resources, but it does require that prisoners have meaningful access to the courts. Lehn v. Holmes, 364 F.3d 862, 868 (7th Cir. 2004).  In order to prove an access-to-the-courts claim, a prisoner must first prove that prison officials failed to assist in the preparation and filing of meaningful legal papers and must then show prejudice –"'some quantum of detriment caused by the challenged conduct of state officials.'"  Id. (quoting Brooks v. Buscher, 62 F.3d 176, 179 (7th Cir.1995).  In order to state a cognizable claim, a complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions."  Pratt v. Tarr, 464 F.3d 730, 732 (7th Cir. 2006).  There is no heightened pleading requirement, but in order to avoid dismissal a plaintiff must "allege that he had a non-frivolous legal claim that was frustrated or impeded by [defendant's] failure to assist him in the preparation and filing of meaningful legal papers and that he was harmed by [defendant's] action (or lack thereof)."  Pratt, 464 F.3d at 732 (quoting Lehn v. Holmes, 364 F.3d 862, 868 (7th Cir. 2004)).

Plaintiff's denial of access to the courts claim is based on an allegation that FCCI does not have a law library with which he can use legal materials to litigate "this case."

---

[1] Very liberally construed, this allegation evokes due process.  However, petitioner clearly states that he only seeks relief on an access-to-the-courts claim.  Thus, presumably he intended this allegation to show that defendant prevented him from purchasing legal materials, paying filing fees or taking some other action related to the courts.

However, a plaintiff cannot show prejudice in an access to the courts case by showing that he would be prejudiced in litigating the very same access to the courts case. If it were otherwise, then the prejudice requirement of an access to the courts claim would effectively be eliminated. As such, plaintiff's circular allegations clearly indicate that he does not have a claim as they show that plaintiff intends to prove prejudice with reference to this case, which – as stated – he cannot do.

For the foregoing reasons,

**IT IS ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for under 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under §1915(g)

**IT IS ALSO ORDERED** that a copy of this order be sent to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith unless plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 29 day of June, 2007.

/s\
LYNN ADELMAN\
District Judge